UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND
and THE CARPENTER CONTRACT
ALLIANCE OF METROPOLITAN NEW
YORK,

                        Plaintiffs,

                                                                                    22-cv-522 (PKC)

              -against-                                                               ORDER

ALITE FLOORING, LLC,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court's Opinion and Order Findings of Fact and Conclusions of Law of July 21, 2025 (the "Opinion") directed plaintiffs to file a proposed Judgment and a memorandum of law and documentation in support of their proposed award of reasonable attorneys' fees and costs no later than August 1, 2025. (ECF 115 at 21.) It directed defendant to file any response no later than August 8, 2025. (Id.) Plaintiffs timely filed their submissions. (ECF 116-118.) Defendant has not submitted a response and has not requested an extension of time to do so. The Court deems plaintiffs' proposed Judgment and fees application to be unopposed.

ERISA provides that for "any action" brought by a fiduciary on behalf of a plan "to enforce section 1145 of this title in which judgment in favor of the plan is awarded," the court "shall award" reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D). "[T]he lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011). "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) (ellipsis and brackets in original; quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

Plaintiffs seek $91,041.10 in attorneys' fees based on 315.6 hours of attorney and professional time expended by the law firm Virginia & Ambinder LLP and have submitted contemporaneous attorney billing records and invoices. (Moosnick Dec. ¶ 5 & Ex. 1 (ECF 116).) Partners billed at hourly rates of $475, $430, $410 and $350. (Moosnick Dec. ¶¶ 8, 10, 13, 16.) Two associates and one law clerk each billed at hourly rates of $275 and $310. (Moosnick Dec. ¶ 11, 14.) Three paralegals billed at hourly rates of $120, $155 and $163. (Moosnick Dec. ¶ 9, 12, 15.) Prior to trial, much of the work was performed by associates billing at hourly rates of $275 and $310 and paralegals billing at $155, which supports the application's reasonableness. (See id.) The Court concludes that these rates are reasonable and consistent with the rates commonly charged in this District for work in contribution disputes. See, e.g., Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Regal USA Concrete Inc., 2023 WL 8644513, at *6 (S.D.N.Y. Aug. 9, 2023) (approving as reasonable

hourly partner billing rates of $410, associate rates of $310 and legal assistant rates of $120 and $155) (Cronan, J.).

The Court has reviewed the attorney billing records and concludes that the 315.6 hours of attorney and professional time spent on this matter was reasonable and not redundant. This was a hard-fought litigation that proceeded to trial. After default judgment was entered in plaintiffs' favor, defendants Alite Flooring LLC and Alite Floor LLC successfully moved to vacate the entry of default judgment. Plaintiffs conducted discovery of Alite Flooring and its alleged alter ego, Alite Floor, before voluntarily dismissing all claims against Alite Floor. Billing records reflect time spent on plaintiffs' successful motion to compel, third-party discovery of banking institutions, coordination with auditors and preparation and participation in an unsuccessful mediation session, in addition to other discovery and trial-related tasks. (Moosnick Dec. Ex. 1.) Plaintiffs' application for $91,041.10 in attorneys' fees will be granted.

Plaintiffs have adequately documented $1,526.49 in costs and expenses incurred in this litigation. (Id. at 47-83.) Notable expenses include the $402 filing fee, $230.80 in fees related to service of process, a $352 trial transcript fee and $243.90 in copying costs. (Id. at 47-48.) Additional costs related to service of a third-party subpoena, postage, legal research and subway fare for travel to trial. (See id.) Plaintiffs' application for $1,526.49 in litigation-related costs and expenses will be granted.

Plaintiffs also are entitled to $7,861 in audit costs. ERISA permits a court to award "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). "Audit fees are routinely recoverable in ERISA cases. Although 29 U.S.C. § 1132(g)(2) does not specifically mandate the payment of audit fees, several courts have often used the provision in § 1132(g)(2)(E) to award reasonable audit fees." Annuity, Welfare &

- 4 -

Apprenticeship, Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C, 15D, AFL-CIO, 2013 WL 2467998, at *8 (S.D.N.Y. June 6, 2013) (Ellis, M.J.) (internal citations omitted).  The Court concludes that the $7,861 in audit costs is reasonable, and plaintiffs' application for audit costs will be granted.

The Court also has reviewed plaintiffs' proposed Judgment, which conforms to the Opinion's award of principal on unpaid contributions, plus twice the interest owed on those contributions, audit costs and reasonable attorneys' fees, costs and expenses.

Accordingly, the Court concludes that plaintiffs' attorneys' fees, costs and expenses are reasonable, and the application will be approved.  The Court will separately enter Judgment in favor of plaintiffs.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 25, 2025